IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CEDRICK JEROME BASS | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-368 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cedrick Jerome Bass, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

At the time he filed this petition, Petitioner was in custody pursuant to two judgments entered in the 253rd District Court of Liberty County, Texas. Petitioner was charged in cause number CR31427 with possession of a controlled substance with intent to deliver, and he was charged with possession of marijuana in cause number CR31353.

Petitioner filed a motion to compel disclosure of an audio recording of a confidential informant allegedly completing a drug transaction with Petitioner. The trial court granted the motion. The State filed an interlocutory appeal and a petition for writ of mandamus to prevent disclosure of the recording. The Ninth Court of Appeals found that issuance of the discovery order was an abuse of discretion and conditionally granted a writ of mandamus if the trial court failed to vacate the order. In accordance with the ruling of the Ninth Court of Appeals, the trial court vacated

the discovery order. Petitioner filed a motion for an *in camera* inspection of the recording to determine whether it contained exculpatory evidence. After an *in camera review*, the trial court declined to order the State to produce the recording to the defense.

Petitioner entered into a plea agreement with the State. On February 19, 2016, Petitioner was sentenced to twenty years of imprisonment for each charge, with the sentences ordered to run concurrently. As part of the plea agreement, Petitioner retained the right to appeal pre-trial rulings. Petitioner filed notices of appeal, and the Ninth Court of Appeals affirmed the judgments.

Petitioner filed a state application for habeas relief. On June 12, 2019, the Texas Court of Criminal Appeals denied the application without written order.

## The Petition

Petitioner contends the Ninth Court of Appeals lacked jurisdiction to consider the State's interlocutory appeal. Petitioner also claims he was denied the effective assistance of counsel because his attorney failed to argue that the State waived its right to claim the audio recording should not be released due to an informant privilege.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

States;[1] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.* State court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). If the decision of the highest state court is not accompanied by an explanation of the court's reasoning, federal courts must look to the last state court decision that does provide an explanation for the decision. *Wilson v. Sellers*, _ U.S. _, 138 S. Ct. 1188, 1192 (2018). There is a rebuttable presumption that the unexplained ruling adopted the same reasoning. *Id.* "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

---

[1] In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

Analysis

*Appellate Court Jurisdiction*

Petitioner claims that the Ninth Court of Appeals lacked jurisdiction to consider the State's interlocutory appeal. Whether the appellate court had jurisdiction to entertain the State's interlocutory appeal or writ of mandamus is a matter of state law, not federal law. Federal courts will not review a state court's interpretation of its own state law in a federal habeas proceeding. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Nor do federal courts "sit as a super state supreme court in such a proceeding to review errors under state law." *Id.* (internal quotes omitted); *see also Moreno v. Estelle*, 717 F.2d 171,179 (5th Cir. 1983) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law."). Thus, the state court's determination regarding the appellate court's jurisdiction is not a matter for federal habeas review.

*Ineffective Assistance of Counsel*

Petitioner contends that he was denied effective assistance of counsel because his defense attorney failed to argue that the State had waived its informant privilege under Texas Rule of Evidence 508.

In order to establish an ineffective assistance of counsel claim, Petitioner must prove counsel's performance was deficient, and the deficient performance prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*. To overcome the presumption that counsel provided reasonably effective assistance, Petitioner must prove his attorney's performance was objectively unreasonable in light of the facts of Petitioner's case, viewed as of the time of the attorney's conduct. *Id*. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, Petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must show a substantial likelihood that the result would have been different if counsel performed

competently. *Richter*, 562 U.S. at 112. To determine whether Petitioner was prejudiced, the court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010). In the context of a guilty plea, Petitioner must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if Petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*. at 102.

The Texas Court of Criminal Appeals rejected Petitioner's claims of ineffective assistance of counsel during the state habeas proceedings. Petitioner has not shown that trial counsel performed deficiently in his efforts to obtain a copy of the audio recording, or that Petitioner was prejudiced by counsel's performance. Petitioner claims defense counsel should have argued that the State waived informant privilege by referring to the audio recording in a search warrant. Contrary to Petitioner's assertions, the record reflects that defense counsel raised that issue when he successfully argued for the disclosure of the audio recording at the trial court level, and it was raised again on direct appeal of the Petitioner's conviction. Defense counsel also requested, and received, an *in camera* review of the audio recording to determine whether it contained exculpatory material. After reviewing the state court records, it is clear that defense counsel's advocacy did not fall below an objective

standard of reasonableness, and there is no reason to believe that additional arguments concerning disclosure of the audio recording would have produced a different result. As a result, the state court's rejection of Petitioner's claims of ineffective assistance of counsel is a reasonable application of *Strickland*.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of the factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 27th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge